**UNITED STATES, Appellee,**

v.

**Darryl T. WALLACE, Private, U. S. Army, Appellant.**

**No. 31,282.**

U. S. Court of Military Appeals.
May 7, 1976.

Captain *John R. Osgood* argued the cause for Appellant, Accused. With him on the brief was *Colonel Alton H. Harvey.*

Captain *Dana C. McCue* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr., Captain Clement L. Hyland,* and *Captain Gary F. Thorne.*

## OPINION OF THE COURT

FLETCHER, Chief Judge:

Private Wallace's breach of restriction prompted his unit commander to place him under "company arrest." *See* Article 9(b), Uniform Code of Military Justice, 10 U.S.C. § 809(b). Explaining his action, Captain Harrigan testified that his purpose in placing the appellant under arrest was "because [he] felt like [Private Wallace] would not stay within the company area. And, [he] wanted him to be available at all times." In addition to specifying restrictions on the appellant's off-duty conduct, the written arrest order provided that Private Wallace would continue to perform his normal duties in his company area but would not be allowed to bear arms, perform any duties requiring the exercise of command, nor participate in any field training.

Appellant challenged the sufficiency of the evidence to support his subsequent conviction for breach of arrest by leaving the area specified in the arrest order contending that "his arrest status had been terminated due to his performance of duties inconsistent with" that status. *See United States v. Vetter,* 13 C.M.R. 517 (N.B.R. 1953); *United States v. Taylor,* 2 C.M.R. 438 (A.B.R. 1952), *petition denied,* 4 C.M.R. 173 (1952).

The Government urges that the commanding officer merely sought to upgrade the limitations upon appellant's freedom as well as increasing the potential punitive sanctions while retaining him in a productive status without resort to pretrial confinement. In the Government's view, the duties assigned Private Wallace did not operate to terminate his status of arrest since he was not required to perform "his full military duties." [1]  *See United States v. Taylor,* 37 C.M.R. 547 (A.B.R. 1966).

In our view, both the Government and Captain Harrigan have erred in this instance in treating arrest as a more severe variety of restriction with increased penalties. *Cf. United States v. Haynes,* 15 U.S.C. M.A. 122, 35 C.M.R. 94 (1964). Restriction is a form of punishment for violation of the punitive articles of the Uniform Code. *See*

---

[1]. Captain Harrigan testified that an individual under company arrest "would go to his regular work station and to his normal work duties during the day, and then upon completion of that work day, sign in every hour with the CQ."

Article 15, UCMJ, 10 U.S.C. § 815; paragraph 126*g*, Manual for Courts-Martial, United States, 1969 (Rev.). In addition, restriction may be imposed to assure a servicemember's continued presence pending investigation, paragraph 20*b*, MCM, or pending appeal, paragraphs 20*d*(1) and 21*d*, MCM.

Arrest, on the other hand, is solely a vehicle of restraint to assure an accused's presence to answer for criminal charges.[2] Such is implicit within the Article 9(d), UCMJ, requirement that "[n]o person may be ordered into arrest or confinement except for probable cause." In addition, Article 9(a), UCMJ, expressly prohibits the imposition of arrest "as a punishment for an offense."[3]

Nothing in Captain Harrigan's trial testimony nor in the Government's argument on appeal suggests that Private Wallace was ordered into arrest to assure his *presence to answer* for the charge of breaking restriction or any other offense. Rather, as Government counsel and the commander have acknowledged, the arrest order was prompted by a desire to assure the appellant's *presence for duty*. Such is not a legitimate basis for ordering an individual into arrest. Article 9, UCMJ.

Inasmuch as the arrest order was illegal, the appellant's subsequent conviction for breaking arrest cannot be sustained. *United States v. Dinkins*, 1 C.M.R. 525 (N.B.R. 1951). Since Private Wallace already has served a period of confinement in excess of that authorized for breaking restriction, the interests of justice warrant dismissal of the charge. Thus, we need not address whether the evidence of record is sufficient to support a charge of breaking restriction.

The decision of the United States Army Court of Military Review is reversed. The charge is ordered dismissed.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

I am not as certain as my brothers that Captain Harrigan's testimony demonstrates only that the accused was ordered into arrest to assure his presence for duty. As the Court is obliged to accord the Government the benefit of every inference from the evidence favorable to the verdict, I am willing to assume that the captain's testimony justifies the conclusion that the accused was validly arrested.

Under paragraph 20a of the Manual for Courts-Martial, United States, 1969 (Rev), the status of arrest is automatically terminated when the person in arrest is required to perform duties "inconsistent" with the status of his arrest. The accused here was ordered to perform, daily, his "normal work duties"; but he was prohibited from bearing arms, exercising command, or participating in the field exercises. There is no indication in the record that the accused's normal duties included any of the prohibited activities. As far as the record goes, therefore, the accused performed all the duties incident to his usual daily work schedule. Consequently, if the accused was in an arrest status, the duties he actually performed were inconsistent with that status, and the status was, by mandate of the Manual, "thereby terminated." *Id.* It follows, therefore, that whether the accused was properly arrested, as the Government contends, or whether he was never legally arrested, as the principal opinion holds, his conviction for breach of arrest cannot properly be sustained. I, therefore, join in the disposition directed in the principal opinion.

---

**2.** Paragraph 20*a*, Manual for Courts-Martial, United States, 1969 (Rev), states that arrest is restraint imposed "pending disposition of charges."

**3.** *Cf.* paragraph 131*c*(3), MCM.