UNITED STATES, Appellee,

v.

Private (E–2) Lawrence W. HANCOCK, Jr., SSN 401–82–8106, United States Army, Appellant.

CM 438073.

U. S. Army Court of Military Review.

19 June 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Lawrence D. Galehouse, JAGC, and Captain Raoul L. Carroll, JAGC, were on the pleadings for appellant.

Counsel for the appellee declined to file pleadings.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

In this case, submitted to us on the record by counsel, we perceive an error in the convening authority's action on the sentence. The sentence adjudged included the provision "to forfeit all pay and allowances." There was a plea bargain pursuant to which the convening authority had agreed "[n]ot to approve any forfeitures in excess of three hundred dollars ($300) per month." Accordingly, in his action the convening authority approved "only so much of the sentence as provides for . . . forfeiture of three hundred dollars ($300.00) pay per month." No period of time was specified.

 "Although there is no rigid formula within which the forfeiture provision must be specified, the language of the sentence must clearly define both the monetary limit and the time the forfeiture is to remain in effect." *United States v. Rios,* 15 U.S.C. M.A. 116, 118, 35 C.M.R. 88, 90 (1964). It has been held that a sentence "to forfeit two-thirds of all pay and allowances" is sufficiently precise as to the monetary amount because the amount is calculable. *United States v. Roman,* 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972); *accord, United States v. Polk,* 48 C.M.R. 993 (A.F.C.M.R.1974). For similar reasons, it has been held that a sentence to forfeit "$50.00 per month" is sufficiently definite as to the time the forfeiture is to remain in effect; that is, there being no longer period specified, the forfeiture is effective only for one month. *United States v. Planter,* 32 C.M.R. 541 (A.B.R. 1962); *accord, United States v. Ogden,* 41 C.M.R. 790 (N.C.M.R.1969); *cf. United States v. Roman, supra; United States v. Conway,* 33 C.M.R. 903, 909–10 (A.F.B.R. 1963); *United States v. Owens,* 30 C.M.R. 529 (A.B.R.1961).

We assume that the convening authority in this case intended that the period of monthly forfeitures be for one year, which was the term of confinement adjudged and approved. We cannot, however, alter to the disadvantage of the appellant the legal effect of the sentence expressly approved. *See United States v. Roman, supra* (revision proceedings improper); *cf. United States v. Polk, supra* (convening authority's action invalidly treated one-month forfeiture as being for a longer period). We will correct the ambiguity that lurks in the approved sentence.

The findings and the sentence are affirmed. So much of the convening authority's action, dated 20 April 1979, as reads "forfeiture of three hundred dollars ($300.00) pay per month" is amended to read "forfeiture of three hundred dollars ($300.00) pay for one (1) month." *See United States v. Planter, supra.*

Judge LEWIS did not participate in this decision.