**UNITED STATES, Appellee,**

v.

**Private (E–1) Gary D. MASSEY, SSN 560–31–3345, United States Army, Appellant.**

**CM 444658.**

U.S. Army Court of Military Review.

30 Nov. 1983.

Major Paul J. Luedtke, JAGC, Captain Michael T. Kelly, JAGC, and Captain Mark W. Harvey, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain David T. Ralston, Jr., JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MOUNTS, Senior Judge:

The appellant was convicted of two specifications of breaking a restriction imposed by a summary court-martial. He contends that we must set aside those findings of guilty because the sentence of restriction imposed by the summary court-martial officer failed to define the limits of the restriction. We agree.

The sentence imposed by the summary court-martial included "restriction for sixty days" but did not specify the limits. Although we can find no authority directly on point, we believe this omission was error and rendered the sentence ambiguous. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 131*c* (2) (the severity of a sentence to restriction is "dependent not only upon its duration but also upon the geographical limits specified when the punishment is imposed"). *See also* Manual for Courts-Martial, *supra*, Appendix 13, paragraph *c.* 4. *Cf. United States v. Hancock,* 7 M.J. 857 (A.C.M.R. 1979) (language of sentence to forfeiture must be specific and clearly define the monetary limit and the time the forfeiture is in effect). In his action, the convening authority attempted to eradicate the uncertainty by restricting the appellant "to Warner Barracks for sixty days." This was error. Before taking his action, the convening authority should have returned the record to the summary court-martial for proceedings in revision pursuant to Article 62(b), Uniform Code of Military Justice, 10 U.S.C. § 862(b), in order that any ambiguity could be resolved. *See United States v. Roman,* 22 U.S.C.M.A. 78, 46 C.M.R. 78

**684**

(1972). Since the approved sentence to restriction was improper, the appellant's subsequent conviction for breach of restriction cannot be affirmed. *See United States v. Wallace*, 2 M.J. 1, 2 (C.M.A.1976).

The findings of guilty of Specifications 1 and 2 of Charge IV are set aside and those specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the record, the Court affirms the sentence.

Judge YAWN and Judge WERNER concur.