**UNITED STATES**

v.

**Senior Airman Gloria A. IRVIN, FR 262–11–9690, United States Air Force.**

**ACM 23269.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Dec. 1980.

Decided 17 April 1986.

Appellate Counsel for the Accused: Colonel George R. Stevens, Lieutenant Colonel Michael D. Wims, Major Alexander S. Nicholas and Captain John V. Sullivan, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major George D. Cato, Captain Joseph S. Kistler and Lieutenant Colonel William H. Seckinger, USAFR.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

PER CURIAM:

This case is again before us for review.

On 20 December 1980, the appellant was found guilty by a general court-martial, with members, of involuntary manslaughter, child abuse,[1] and assault consummated by a battery, in violation of Articles 119, 128 and 134, U.C.M.J., 10 U.S.C. §§ 919, 928, 934. The victim of the offenses was a two year old girl entrusted to the care of appellant and her husband for the purpose of adoption by the Denver Department of Social Services. The approved sentence in the case extends to a dishonorable discharge, confinement at hard labor for four years, forfeiture of $334.00 per month for four years, and reduction to the grade of airman basic.

In our original decision,[2] dated 14 May 1982, this Court affirmed the findings of guilty but modified the approved sentence and affirmed only so much of it as provided

---

1. The child abuse offense was alleged as a violation of Section 18–6–401, Colorado Revised Statutes, as amended, as assimilated by the Assimilative Crimes Act, 18 U.S.C. § 13, and incorpo-

rated by the "crimes and offenses not capital" clause of Article 134, U.C.M.J., 10 U.S.C. § 934.

2. *United States v. Irvin,* 13 M.J. 749 (A.F.C.M.R. 1982).

for dishonorable discharge, confinement at hard labor for three years, forfeiture of $334.00 per month for four years, and reduction to airman basic.

Appellant petitioned the Court of Military Appeals for a grant of review of this Court's decision on 3 August 1982, and her petition was granted by that Court on 12 November 1982.

The Court of Military Appeals announced its decision in this case on 13 January 1986. *United States v. Irvin,* 21 M.J. 184 (C.M.A. 1986). That Court found that the finding of guilty of child abuse offense alleged in Additional Charge I as a violation of the Assimilative Crimes Act cannot stand. In addition, the Court noted the following comment in the post-trial review of the staff judge advocate:

> In my opinion the evidence is *not* sufficient to support a finding that the accused assaulted the child prior to 12 December 1979. There was testimony of prior bruises and injuries but no evidence to indicate that they were the result of a nonaccidental trauma or an assault by the accused. Some or all of the bruises or injuries could have been the result of accidents suffered by the child, disciplining by Sgt. Irvin, the accused's husband, or a number of other people having contact with the child. (Emphasis added.)

The Court went on to say that, in effect, the post-trial review concludes the Government's evidence was insufficient to establish misconduct on the part of appellant prior to 12 December 1979. In spite of this comment, the review did not make any recommendation to the convening authority concerning disapproval of any part of the court-martial's finding that "at divers times from on or about 18 October 1979 to on or about 12 December 1979," appellant had struck and abused the victim. The Court reasoned that:

> If the staff judge advocate's analysis of evidential sufficiency is accepted, then further remedial action would be required as to the findings. Appellant has been convicted of involuntary manslaughter committed by means of a fatal assault which occurred on December 12. If the child abuse consists solely of assaults and no assaults occurred prior to December 12, then it would appear that the findings of guilty as to involuntary manslaughter would encompass the other offenses.

The Court then concluded that, in fairness to appellant, this Court should reexamine the findings and determine what remedial action should be taken with respect to the findings in light of the matters discussed in their opinion. The Court then set aside our original decision in this case and returned the record of trial to The Judge Advocate General for submission to us for further review pursuant to Article 66, U.C.M.J., 10 U.S.C. § 866. A mandate in this regard was announced by that Court on 3 February 1986.

■ Our further review of the evidence introduced at trial pertaining to the offense of assault alleged to have been committed at divers times from on or about 18 October 1979 to on or about 12 December 1979, compels us to conclude that it was insufficient to prove the appellant guilty beyond a reasonable doubt of assaulting the victim at any time prior to 12 December 1979. Although there was evidence to show the existence of bruises and injuries to the child prior to 12 December, we cannot say beyond a reasonable doubt that they were a result of one or more assaults, and if so, caused by the appellant. The evidence to show the appellant assaulted the child on 12 December 1979, however, is overwhelming and sufficient to prove that offense beyond a reasonable doubt.

■ The effect of our finding with regard to the offense of assault is that that offense now merges with the offense of involuntary manslaughter. The evidence to show the existence of assaults in both offenses is the same and the offenses are greater and lesser in relation to each other. *United States v. Baker,* 14 M.J. 361 (C.M.A.1983); *United States v. Zubko,* 18 M.J. 378 (C.M.A.1984). The remedy available to cure this multiplication of charges is to

dismiss the lesser included offense. *United States v. Zupancic,* 18 M.J. 387 (C.M.A. 1984); *United States v. Zubko, supra.* Accordingly, the findings of guilty of Additional Charge II and its specification are set aside and dismissed.

Reassessing the sentence based upon the remaining affirmed finding of guilty of involuntary manslaughter we find the sentence as affirmed by this Court in its original decision to be entirely appropriate and affirm it once again.

Pursuant to the mandate of the Court of Military Appeals, the record of trial is returned to The Judge Advocate General for submission to that Court for final disposition.