**UNITED STATES, Appellee,**

v.

**Specialist Four Mark G. CONFORTI, 149–58–1930, United States Army, Appellant.**

**ACMR 8702203.**

U.S. Army Court of Military Review.

25 July 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

LYMBURNER, Judge:

Appellant was arraigned on charges alleging involuntary manslaughter and the negligent discharge of a firearm, violations of Articles 119 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 919 and 934, respectively. Pursuant to a pretrial agreement, appellant pleaded guilty to negligent homicide, a lesser-included offense of involuntary manslaughter and violative of Article 134, UCMJ, and to the charge of negligent dis-

charge of a firearm. The trial judge found him guilty consistent with the pleas, and the members sentenced him to a bad-conduct discharge, total forfeitures, and reduction to Private E-1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, forfeiture of two-thirds pay per month until the discharge is executed, and reduction to Private E-1.

On appeal appellant raises for the first time a multiplicity issue and, based upon matters previously provided the trial court and the convening authority, he seeks to have the punitive discharge disapproved.

### A. Multiplicity of Charges

■ We agree with appellant that the two separate specifications alleging negligent homicide and the negligent discharge of a firearm are multiplicious for findings and that the findings of guilty as to the latter should be set aside and the charge dismissed. The negligent discharge of the firearm was alleged as the basis of the culpable negligence causing the victim's death and, "where the pleadings and evidence adduced at trial show that one offense is a lesser included offense of another of which an accused has also been convicted, both convictions cannot stand." *United States v. Baker*, 14 M.J. 361, 367 (C.M.A.1983).[1] *See* UCMJ art. 79, 10 U.S.C. § 879 ("An accused may be found guilty of an offense necessarily included in the offense charged [but not both]."). *Cf. United States v. Zayas*, 24 M.J. 132, 136–137 (C.M.A.1987) (the allegation of intoxication in the specification which charges causing the death of another in the operation of a motor vehicle duplicates the allegation in the specification which charges the operation of a vehicle while drunk, and the evidence establishes the latter offense as lesser included in the former) (quoting *United States v. Mallery*, 14 M.J. 212 (C.M.A.1982) (summary disposition)); *United States v. Woods*, 21 M.J. 856 (A.C.M.R. 1986) (multiplicity for findings existed when the identical conduct of the accused

was alleged as the basis for the drunk driving specification and the involuntary manslaughter specification); *United States v. Tyler*, 14 M.J. 811 (A.C.M.R.1982), *dismissed in part*, 15 M.J. 285 (C.M.A.1983) (summary disposition) (specification of simple assault and battery which consisted of unlawfully lying on top of victim was factually duplicative with raping her, and would be dismissed); *United States v. Irvin*, 22 M.J. 559 (A.F.C.M.R.1986), *dismissed in part*, 22 M.J. 342 (C.M.A.1986), *cert. denied*, 479 U.S. 852, 107 S.Ct. 183, 93 L.Ed.2d 117 (1986) (remedy for multiplication of assault and involuntary manslaughter was dismissal of lesser included offense, *citing United States v. Zupancic*, 18 M.J. 387 (C.M.A.1984) and *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984)).

It is not clear from the record or the appellate pleadings why appellant's counsel did not raise the multiplicity issue at trial under either Manual for Courts-Martial, United States, 1984 Rule for Courts-Martial 907(b)(3)(B) [hereinafter M.C.M., 1984 and R.C.M., respectively] (dismissal of charges on ground of multiplicity for findings) or R.C.M. 906(b)(12) (determination of multiplicity of offenses for sentencing). The military judge *sua sponte* discussed multiplicity of the charges as a possible issue during the providence inquiry, ensuring that the appellant understood that an appellate court might view the charges multiplicious for sentencing. On appeal appellant does not allege improvidency of his guilty pleas, and we do not otherwise see a providency issue regarding the pleas. The court will affirm the findings of guilty of the negligent homicide as correct in law and fact. However, the court is satisfied that whatever "exigencies of proof" may have existed in the separate charge alleging the negligent discharge of a weapon, such exigencies are no longer a factor and the charge should be dismissed. *See United States v. Holt*, 16 M.J. 393, 394 (C.M.A. 1983) (when apparent from language of specifications that one offense is a lesser included offense of another within the

---

1. Put simply, "[a]s it is true that a rose by any other name would smell as sweet, so it is equally true that a man may be punished only once

for the same offense regardless of how that offense is labeled." *United States v. Posnick*, 24 C.M.R. 11, 13 (C.M.A.1957).

meaning of *United States v. Baker*, 14 M.J. at 368, the failure of the trial or intermediate appellate courts to dismiss the included offense is plain error); R.C.M. 907(b)(3)(B). *Cf.* UCMJ art. 59(b) 10 U.S.C. § 859(b) ("Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense").

■ Government appellate counsel contend that appellant's failure to raise the issue of multiplicity for findings purposes at trial is fatal to his belated appellate claim, citing *United States v. Jones*, 23 M.J. 301, 303 (C.M.A.1987) and *United States v. Newman*, 25 M.J. 604, 605 (A.C. M.R.1987). We reach a different conclusion because we use a different starting point. In *United States v. Baker*, 14 M.J. at 368, the court described two situations where one offense may be a lesser-included offense of another offense. The *first* situation is "where one offense contains only elements of, but not all the elements of the other offense." *Id.* As the M.C.M., 1984, Part IV, Introductory Discussion points out, the term "elements" "includes both the statutory elements of the offense and any aggravating factors listed under the President's authority which increases the maximum permissible punishment when specified aggravating factors are pleaded and proven." In this sense, the court has found that the negligent discharge of the firearm (Charge II) is a lesser-included offense of the negligent homicide (Charge I). The *Baker* court also set out a *second* situation—that is, "where one offense contains different elements as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial." *United States v. Baker*, 14 M.J. at 368. The cases relied upon by government counsel all involve this second situation. In those cases the allegations did not make it apparent that the specifications fairly embraced each other *and* the trial defense counsel did not move for appropriate relief by making the specifications more definite and certain. This case does not involve the second situation, in our opinion.

■ Where one offense is lesser-included within another, by definition they are not separate offenses for sentencing purposes. *Cf.* R.C.M. 906(b)(5) discussion (lesser included offenses are not separate). The military judge erred when he in effect instructed the court members that the offenses were separate for purposes of sentencing, R.C.M. 1003(c) (limits of punishments are for each separate offense, not for each charge), and appellant suffered prejudice therefrom. *United States v. Posnick*, 24 C.M.R. at 15. This court will reassess the sentence as a result of the error.

B. Appropriateness of the sentence

■ The court notes another error regarding the sentence. Rule for Courts-Martial 1003(b)(2) provides that "[u]nless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." In this case, as recommended by the Staff Judge Advocate, the convening authority mitigated or disapproved in part the total forfeitures adjudged by the court to "forfeiture of ⅔ pay per month until the bad-conduct discharge is executed."[2] This court has held that the approved forfeiture portion of any sentence should comply with the provisions of R.C. M. 1003(b)(2), so we will take corrective action in the decretal paragraph. *United States v. Wakeman*, 25 M.J. 644, 646 (A.C. M.R.1987).

■ On appeal, as in the post-trial submissions to the convening authority, appellant's counsel contend that the sentence is too severe in light of the appellant's age, civilian background, military record, all

---

**2.** The convening authority correctly followed *United States v. Warner*, 25 M.J. 64 (C.M.A. 1987), which held impermissible a sentence to forfeiture of all pay and allowances when confinement has not been approved. Unfortunately he approved a similar "forfeiture of two-thirds pay as E–1 per month until the discharge is executed." *Id.* at 67.

**856**

matters presented in extenuation and mitigation, the military judge's recommendation of clemency, and the petition for clemency.

Based upon our review of the record, this court cannot say that an unsuspended bad-conduct discharge is excessive or otherwise inappropriate in this case. While appellant may have been an excellent soldier prior to the events of 8 August 1987, on that day he engaged in criminal conduct—that is, "horseplay" with a loaded weapon—which resulted in the death of a fellow military policeman. Appellant had been in the U.S. Army for almost three years, he had received weapons training during advanced individual training and, as a military policeman, he had received additional training on the proper use of weapons. As a matter of command prerogative, the convening authority approved a sentence which he believed was warranted by the circumstances of the offense and appropriate for the accused. R.C.M. 1107(d)(2). We are satisfied that the sentence adjudged and approved would not have been less had the appellant been found guilty of or had the convening authority approved a finding of guilty of only the charge of negligent homicide. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

The findings of guilty of Charge II and its Specification (negligent discharge of a weapon) are set aside and the charge and specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the record and the errors noted, the court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $400.00 per month for nine months, and reduction to Private E–1.

Senior Judge ADAMKEWICZ concurs.

SMITH, Judge, concurring in part and dissenting in part:

I concur with Judge Lymburner's analysis and conclusion that Charge II and its specification (negligent discharge of a weapon) must be set aside and dismissed. I further agree that the adjudged forfeitures should be stated in "whole dollars to

be forfeited each month and the number of months the forfeiture will last." R.C.M. 1003(b)(2).

I would not, however, approve the bad-conduct discharge. The record indicates that appellant's military service was outstanding. Appellant stands convicted of negligently killing his best friend under circumstances that totally foreclose the possibility of criminal intent or malice. All witnesses and parties to the trial, with the exception of the trial counsel, recommended retention in the service or suspension of the discharge. It is clear from the record that the imposition of the bad-conduct discharge accomplishes no useful purpose other than to satisfy an abstract concept of punishment for punishment's sake or perhaps to deter similar conduct in others (a concept that I believe has little application in cases of this type). I find that imposition of the bad-conduct discharge is, in the absence of useful purpose, inappropriate.