UNITED STATES, Appellee,

v.

**Staff Sergeant Charles L. BOWEN, 274–62–0673, United States Army, Appellant.**

**ACMR 8802067.**

U.S. Army Court of Military Review.

6 Nov. 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Major Daniel J. Dell'Orto, JAGC, First Lieutenant Clay E. Donnigan, JAGC (on brief).

Before the Court sitting En Banc.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, appellant was convicted of aggravated assault, communication of a threat and twenty-eight specifications of fraudulently making and uttering checks, in violation of Articles 128, 134 and 123a of the Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 and 923a (1982 & Supp.). He was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances and reduction to Private E1. The convening authority approved the discharge, reduction in grade and, in conformity with the Court of Military Appeals' opinion in *United States v. Warner*, 25 M.J. 64 (C.M.A.1987), and the Discussion to Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1107(d)(2) [hereinafter R.C.M.], approved only so much of the forfeitures as provided for "forfeiture of $447.00 pay per month until such time as the bad-conduct discharge is executed."

Appellant contends that the convening authority's action with respect to forfeitures is "ambiguous and irregular in that it fails to state the number of months the partial forfeitures will last as required by R.C.M. 1003(b)(2)." He prays that we set aside that portion of the sentence approving any forfeiture of pay. Appellant's argument has surface appeal in view of the express language of the cited rule which states: "Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." However, we find R.C.M. 1003(b)(2) inapposite to the instant case and, affirm the convening authority's action approving the reduced forfeitures.

We begin our analysis with the observation that R.C.M. 1003(b)(2) pertains to authorized punishments which may be adjudged by a court-martial and not to actions by the convening authority in acting upon sentences imposed by courts-martial. Indeed, the plain language of the rule renders its requirements inapplicable when total forfeitures are adjudged. Instead, the provisions of R.C.M. 1107 must be applied to determine the propriety of the convening authority's action. R.C.M. 1107 provides, *inter alia*, that action on sentence is "within the sole discretion of the convening authority" and is "a matter of command prerogative." R.C.M. 1107(b)(1). There are limits to the convening authority's exercise of such discretionary power over sentences adjudged by courts-martial.

The convening authority may for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature as long as the severity of the punishment is not increased. The convening or higher authority may not increase the punishment imposed by a court-martial. The approval or disapproval shall be explicitly stated.

R.C.M. 1107(d)(1).

The Discussion to the rule specifies, "When mitigating forfeitures, the duration

and amounts of forfeiture may be changed as long as the total amount forfeited is not increased and neither the amount nor duration of the forfeitures exceeds the jurisdiction of the court-martial." If the convening authority's action is "incomplete, ambiguous, or contains clerical error", this court, acting pursuant to Article 66, UCMJ, 10 U.S.C. § 866, may instruct him "to withdraw the original action and substitute a corrected action." R.C.M. 1107(g).

■ We perceive no reason to set aside or otherwise modify the convening authority's action in this case. The total amount of forfeitures was not increased nor was the duration extended beyond some time period specified in the sentence adjudged by the court-martial or its jurisdictional limits. Nor is the approved sentence "ambiguous" because it fails to specify the number of months the forfeitures will last. To the contrary, the duration of forfeitures is quite specific: the date the discharge is executed. Although this would have been unknown at the time action was taken by the convening authority, it is "susceptible of ready conversion into a definite period, and [is] not invalid because it did not itself recite, as recommended by the Manual, the specific number of months the forfeiture was to remain in effect." *United States v. Rios*, 35 C.M.R. 88, 90 (C.M.A.1964). The holding in *Rios* is based on one of the Court's earliest opinions on this issue in which it held that an approved sentence to "forfeiture of fifty dollars ($50) per month during the period of confinement and until release therefrom" was not uncertain. *United States v. Smith*, 12 C.M.R. 92, 95 (C.M.A.1953).[1] Accordingly, we find no abuse of discretion in the convening au-

thority's action approving forfeitures in the instant case.

We recognize that this opinion conflicts with two previous opinions from different panels of this court in which R.C.M. 1003(b)(2) was cited to modify a convening authority's action which mitigated total to partial forfeitures because it failed to express the duration in terms of months. *United States v. Conforti*, 26 M.J. 852 (A.C.M.R.1988) *petition denied*, 28 M.J. 363 (C.M.A.1989); *United States v. White*, 23 M.J. 859 (A.C.M.R.1987). In *Conforti*, forfeitures were to run "until the bad conduct discharge is executed"; in *White*, "for so long as the accused is entitled to pay." The panel of this court, in deciding *Conforti*, purportedly based its opinion upon *United States v. Warner*, 25 M.J. 64 (C.M.A. 1987) and *United States v. Wakeman*, 25 M.J. 644 (A.C.M.R.1987). We find the *Conforti* panel's reading of those cases to be, at best, overly broad and, at worst, in conflict with *Warner. See United States v. Warner*, 25 M.J. at 67. Those cases were concerned with quantum and not duration of forfeitures when no discharge was imposed. Moreover, the court in *Warner* affirmed a sentence of "forfeiture of two-thirds pay as E–1 per month until the discharge is executed." *Id.* In *White*, the panel gave no explanation for its decision but simply affirmed forfeitures for a period of one month. That court's decision predated *Warner* and *Wakeman*. We believe the rationales employed or results reached in either the *Conforti* or *White* decisions are incorrect statements of the law and should not be followed here. Accordingly, we overrule them.

---

1. In United States v. Smith, a court-martial adjudged a sentence which included a reduction in grade, dishonorable discharge, confinement for one year and "forfeiture of all pay and allowances *during confinement and until release therefrom.*" The convening authority approved the reduction in grade, a bad-conduct discharge, confinement for four months and "forfeiture of fifty dollars ($50) per month during the period of confinement and until release therefrom is approved." In addressing the appellant's contention that the duration of the forfeitures was uncertain, the Court reasoned:

Again the uncertainty is only as to the length of time the forfeitures of pay and allowances will be effective. As will be later developed, it could not exceed the period of four months and it might be less depending upon good time. That portion of a sentence which is remitted for good behavior is well known to the military authorities and so the period of forfeitures can be clearly ascertained. This makes the sentence definite enough to withstand a broadside attack against its legality. *United States v. Smith*, 12 C.M.R. at 95.

We are also aware that the Air Force Court of Military Review has adopted a different construction of R.C.M. 1003(b)(2). *See e.g., United States v. Frierson,* 28 M.J. 501 (A.F.C.M.R.1989); *United States v. Pace,* 27 M.J. 829 (A.F.C.M.R. 1988); *petition denied,* 28 M.J. 162 (C.M.A. 1989); *United States v. Darby,* 27 M.J. 761 (A.F.C.M.R.1988), *petition denied,* 28 M.J. 292 (C.M.A.1989). Each of the foregoing cases rely upon *United States v. White, supra.* Expressing its concern for "those situations in which a discharge is suspended or remitted", the Air Force Court has reasoned, "a forfeiture which is not limited to a definite number of months might continue forever" and concludes, "[t]his is surely not the result the President intended." *United States v. Frierson,* 28 M.J. at 502. We do not share the Air Force Court's concern that tying the duration of forfeitures to the execution date of discharges necessarily makes the former so indefinite as to contravene some unstated, possibly nonexistent, Presidential intent. It is theoretically possible that the duration of a sentence to forfeitures dependent upon the execution of a discharge could become uncertain if the discharge is remitted or otherwise mitigated or set aside. However, this rarely happens in a vacuum and without consideration by proper authority of its effect upon forfeitures. Should that contingency arise in a matter presented to us in the future, we can deal with it in the normal course of appellate review at that time. Suffice it to say, the facts in this case do not raise the issue. Therefore, we decline to invoke or follow the policy expressed by the Air Force Court of Military Review in the foregoing cases.

The remaining assignments of error, including those personally asserted by appellant, have been considered and deemed without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY, Senior Judge DeFORD, Senior Judge KUCERA, Senior Judge FOREMAN, Judge JOHNSON, Judge KANE, Judge GILLEY, Judge CARMICHAEL,* Judge SMITH, Judge GIUNTINI, and Judge NEURAUTER concur.

Senior Judge MYERS concurs in the result.

Judge VARO did not participate.