**UNITED STATES, Appellee,**

v.

**Private E2 Larry C. GEBHART,
316–72–4569, United States
Army, Appellant.**

**ACMR 9001471.**

U.S. Army Court of Military Review.

25 Feb. 1991.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Karen A. Taylor, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

VARO, Judge:

The appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of two specifications of robbery and one specification of assault in violation of Articles 122 and 128, Uniform Code of Military Justice, 10 U.S.C. § 922 and 928 (1982). His sentence provided for a bad-conduct discharge and forfeiture of all pay and allowances. Because no confinement had been adjudged, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, and forfeitures of $482.80 pay per month.

With regard to the sentence, the appellant asserts, and the government concurs, that because the convening authority's action specifies no time limit regarding the forfeitures, they are limited to one month.[1] *United States v. Hancock*, 7 M.J. 857 (A.C. M.R.1979). We agree and will take action to clarify the forfeitures in our decretal paragraph.

█ The appellant further asserts that his court-martial was without jurisdiction because the panel included a member, Staff Sergeant (SSG) Hipp, who was not properly appointed to the court. After reviewing the record of trial and the convening orders we find that all members were properly appointed and that the assignment of error is without merit.

SSG Hipp's name appears in two places on Court–Martial Convening Order (CMCO) 33, the court-martial convening order pertinent to this issue[2]. He is detailed in sub-

paragraph (a) and relieved in subparagraph (b) of the order. Further, we note the fact that Master Sergeant (MSG) Sullivan, who was on the prior court-martial convening order, is not mentioned in CMCO 33. Although this implies that he was not relieved of duty as a member of the court-martial, the trial counsel does not account for him in the record of trial.

█ It is well settled that "[p]articipation as a member by one not properly detailed to so act renders the proceedings a nullity." *United States v. Caldwell*, 16 M.J. 575 (A.C.M.R.1983); *United States v. Goodrich*, 5 M.J. 1002 (C.M.A.1976) (summary disposition); *United States v. Harnish*, 31 C.M.R. 29 (C.M.A.1961). In determining whether a member has been properly detailed, however, this court must look in part to the intent of the convening authority. *United States v. Padilla*, 5 C.M.R. 31 (C.M.A.1952). As noted by the Court of Military Appeals in *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978), the court-martial has, as its very basis, the order promulgated by the convening authority. Therefore, the presence of a fundamental defect in the order will negate both the document itself and any court-martial it purports to convene. *Id.* at 101.

█ Our review of the record of trial and the convening orders leads us to find that SSG Hipp was properly detailed to the court-martial by CMCO 33. We further find that because he was not previously detailed to the court-martial, there existed no court-martial from which to relieve him in the manner also noted in CMCO 33. Finally, we find the inclusion of his name in the relief portion of CMCO 33 to be an administrative error and further, that the name of MSG Sullivan should have been listed as relieved instead. Although the

---

1. This case is distinguishable from *United States v. Bowen*, 29 M.J. 779 (A.C.M.R.1989) because the action herein merely approves forfeitures of $482.80 per month and contains no language which can be construed as an intent to extend the forfeitures until the appellant's discharge is executed.

2. The enlisted panel of the original convening order (CMCO 28) provided for ten members. SSG Hipp was not one of these members. The

last name listed on the CMCO 28 was MSG Sullivan. CMCO 33 relieved all members of CMCO 28 except MSG Sullivan and one other. The last name listed in both the detailing and relief paragraphs in CMCO 33 is SSG Hipp. Although MSG Sullivan was not named as present at the court-martial, the other remaining member from CMCO 28 participated in the trial.

order contains an obvious error on its face, we do not find the error to be a "fundamental defect" because it can be construed to show the intent of the convening authority when read in conjunction with the prior court-martial convening order and the record of trial. *Padilla,* 5 C.M.R. at 35. Therefore, we find no interloper present in the person of SSG Hipp, nor do we find MSG Sullivan's absence unexplained as it was intended that he be relieved from the court-martial.[3]

■ Assuming *arguendo,* that MSG Sullivan was not relieved, no objection to his absence was raised at trial and any issue regarding his absence is waived. *United States v. Latimer,* 30 M.J. 554 (A.C.M.R. 1990); *United States v. Campbell,* 26 M.J. 970 (A.C.M.R.1988); *United States v. Benoit,* 21 M.J. 579 (A.C.M.R.1985). Even in such a case, however, we would conclude that the presence of SSG Hipp was intended and appropriate.

The other assignment of error raised by the appellant is without merit.

The findings of guilty and only so much of the sentence as provides for a bad-conduct discharge and forfeiture of $482.00[4] pay per month for one month are approved.

Senior Judge De GIULIO and Judge NAUGHTON concur.

---

3. We note that this entire issue resulted from a basic administrative failure in the initial preparation of the court-martial convening orders. Staff judge advocates must assure that the essential administrative steps leading to any court-martial receive more than cursory review. But for other portions of the record of trial which allowed this court to discern the convening authority's intent, we would have been forced to reach an opposite conclusion in resolving this case.

4. The dollar amount was rounded down to a whole dollar amount in accordance with Manual for Courts–Martial, 1984, Rule for Courts–Martial 1003(b)(2).