OPINION OF THE COURT
CREAN, Senior Judge:
In accordance with his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of willful damage to government property and arson, in violation of Articles 108 and 126, Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 926 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to Private El. Pursuant to a pretrial agreement and in the exercise of his clemency powers, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for four years but suspended confinement in excess of forty-four months, reduction to Private El, and forfeiture of “$2U.OO pay per month.” (emphasis added).
The appellant asserts that the convening authority erred in his action by failing to state the duration of the forfeitures and that this court should approve only forfeitures for one month. We agree that the convening authority’s action is ambiguous and return the record of trial for a corrected action.
As noted, the sentence of the court-martial included a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to Private El. The sentence was legally permissible and correctly announced. Rule for Courts-Martial 1003 [hereinafter R.C.M.]. Since total forfeitures were adjudged, the specific dollar amount and duration did not have to be announced. R.C.M. 1003(b)(2). The staff judge advocate recommended to the convening authority that the sentence, including the total forfeitures, be approved but that a portion of the confinement be suspended pursuant to the pretrial agreement. R.C.M. 1106. The appellant and his counsel, in their response pursuant to R.C.M. 1105 and R.C.M. 1106(f), requested that the convening authority grant clemency by reducing the amount of forfeitures and the period of confinement. In his addendum, R.C.M. 1106(f)(7), the staff judge advocate again recommended that the convening authority not grant clemency, but approve the sentence as adjudged except for suspending part of the confinement portion pursuant to the pretrial agreement. However, the convening authority decided to grant clemency by reducing the amount of forfeitures. The intent of the convening authority as to the duration of the forfeitures, except that the forfeitures were to run for some period of time, cannot be determined from the record of trial.
This court has held that if the convening authority does not specify, in the action, the duration of the forfeitures, as re *846 quired by R.C.M. 1003(b)(2), the duration of the forfeitures will be for only one month. United States v. Gebhart, 32 M.J. 634 (A.C.M.R.1991); United States v. Hancock, 7 M.J. 857 (A.C.M.R.1979). However, R.C.M. 1003(b)(2) pertains to how an adjudged forfeiture will be stated in the sentence. The correctness of the convening authority’s action on the sentence is determined by applying R.C.M. 1107. See United States v. Bowen, 29 M.J. 779 (A.C.M.R.1989) (en banc). If the action of the convening authority is incomplete, ambiguous, or contains clerical error, the convening authority can be ordered to withdraw the original action and substitute a corrected action. R.C.M. 1107(g).
The sentence of the court-martial is correct and complies with R.C.M. 1003(b)(2). The convening authority’s action is ambiguous, unclear, and incomplete. Since the convening authority granted clemency on his own, there are no documents from which we can ascertain his intent for the duration of the forfeitures. Since the convening authority’s action is ambiguous and incomplete, it must be returned to him for a clarification of the duration of the forfeitures. We do not specifically overrule our decisions in Gebhart and Hancock and other cases that have decided the issue the same way. We do hold that this court has the option under these circumstances to return the record to the convening authority for a new action. We will not address the remaining assigned error raised by the appellant until a corrected action has been completed by the convening authority. United States v. Hawkins, 34 M.J. 991, 995 n. 8 (A.C.M.R.1992) (citing United States v. Garner, 34 M.J. 575, 578 n. 3 (A.C.M.R.1992), and United States v. Harris, 30 M.J. 580, 582 n. 1 (A.C.M.R.1990)).
Pursuant to R.C.M. 1107(g), the record of trial is returned to the convening authority for withdrawal of the action dated 8 December 1993 and substitution of a new and correct action.
Judge MORGAN and Judge GONZALES concur.