**UNITED STATES, Appellee,**

v.

**Sergeant Percy L. FOSTER, Jr., 428–23–8530, United States Army, Appellant.**

**ACMR 9301855.**

U.S. Army Court of Military Review.

26 July 1994.

For Appellant: Major Michael A. Egan, JAGC, Captain Clement B. Lewis, III JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before CREAN, CAIRNS and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

CREAN, Senior Judge.

This case is before the court for further review. In our original decision, *United States v. Foster*, 39 M.J. 846 (A.C.M.R.1994), we returned the record of trial to the convening authority for withdrawal of his original action and for substitution of a new and correct action.

The sentence of the court-martial included forfeiture of all pay and allowances. In his original action, the convening authority granted clemency and approved a forfeiture of $214.00 pay per month. We returned the action to him under Rule for Courts–Martial 1107(g) [hereinafter R.C.M.] to clarify his action by designating the number of months the forfeitures were to run. He did this in an action dated 28 April 1994 by providing

---

for a forfeiture of $214.00 pay per month for twelve months.

The appellant asserts, citing *United States v. Gebhart*, 32 M.J. 634 (A.C.M.R.1991), *aff'd on other grounds*, 34 M.J. 189 (C.M.A.1992) and *United States v. Hancock*, 7 M.J. 857 (A.C.M.R.1979), that the convening authority, in clarifying his action, is limited to approving forfeitures for a duration of only one month. We disagree.

As noted in our earlier opinion in this case, *Foster*, 39 M.J. at 847, the convening authority granted clemency as a matter of command prerogative pursuant to his powers under Article 60(c), Uniform Code of Military Justice, 10 U.S.C. 860(c) (1988). The appellant asked for forfeiture relief in his post-trial request to the convening authority, R.C.M. 1105 and 1106(f)(4), so that his family could receive about $600.00 per month. The staff judge advocate recommended that the total forfeitures be approved, and no clemency be granted. The convening authority did not follow the advice of his staff judge advocate and reduced the amount of forfeitures to give the appellant some relief. There is nothing in the record to indicate the intention of the convening authority on the duration of the forfeitures.

The convening authority may change a punishment to one of a different nature provided the severity of the punishment is not increased. R.C.M. 1107(d)(1). When mitigating forfeitures, the duration and amounts of forfeiture may be changed as long as the total forfeiture is not increased and neither the amount nor duration of the forfeitures exceeds the jurisdiction of the court-martial. R.C.M. 1107(d)(1) discussion.

In this case, the convening authority granted clemency by substantially reducing the amount of forfeitures. The forfeitures were reduced by about 75 percent per month. The total amount of forfeitures was not increased nor was the duration extended beyond some time period specified in the sentence of the court-martial. *See United States v. Bowen*, 29 M.J. 779, 781 (A.C.M.R. 1989). The appellant should not now receive an additional windfall because of a clerical omission in the convening authority's action.

In *Hancock*, this court determined that there was an ambiguity in the action of the convening authority and resolved the ambiguity in favor of the appellant. In *Hancock*, the ambiguity started with a pretrial agreement that did not include the duration of forfeitures. This court could not send the case back to the convening authority to clarify his action because the ambiguity did not start with the action. In *Gebhart*, this court applied the rationale of *Hancock* because the government conceded the issue. However in this case, the ambiguity originated in the convening authority's action when he granted clemency. The action did not clearly state his intent. He has now clearly stated his intention on the duration of forfeitures and we will give effect to his intentions.

We hold that where the action of the convening authority is ambiguous and there is nothing in the record to indicate the intent of the parties or the convening authority, the convening authority can correct and clarify his action and, in that case, is not limited to a duration of only one month for forfeitures. We further note that the error in this case, while attributed to the convening authority, was not committed by the convening authority. The staff judge advocate bears the responsibility to ensure that convening authority actions are complete and correctly stated. The error in the original action is directly attributed to the staff judge advocate's office and not personally to the convening authority. This court continues to see too many careless errors committed by legal personnel. We have urged ad nauseam that staff judge advocates and other legal personnel pay attention to detail and ensure correctness of legal documents, particularly court-martial documents. It may be time for more drastic action to ensure that legal actions are done correctly.

We have carefully considered the other assignment of error and find it without merit.

On consideration of the entire record, we hold that the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly,

those findings of guilty and the sentence are affirmed.

Judge CAIRNS and Judge GONZALES concur.