UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and CARLTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist DAVID C. HEDGE
 United States Army, Appellant

 ARMY 20091130

 Headquarters, I Corps and Fort Lewis
 Robert Bowers, Military Judge
 Colonel Mitchell R. Chitwood, Staff Judge Advocate

For Appellant: Captain Shay Stanford, JA; Captain W. Jeremy Stephens, JA
(on brief).

For Appellee: Lieutenant Colonel Martha L. Foss, JA (on brief).

 13 May 2010

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

Per Curiam:

 A military judge sitting as a special court-martial sentenced
appellant to a bad-conduct discharge, confinement for six months, “to
forfeit two-thirds of your pay and allowances for six months,” and
reduction to Private E1. The convening authority approved the sentence as
adjudged. Upon appeal, this court reviewed this case on its merits
pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866
[hereinafter UCMJ]. In our review, we found error with respect to the
adjudged forfeitures imposed by the military judge.

 Rule for Courts-Martial 201(f)(2)(B) prohibits special courts-martial
from adjudging forfeiture of pay “exceeding two-thirds pay per month or any
forfeiture of pay for more than one year.” Forfeiture of allowances is not
an authorized punishment at a special court-martial. Id. Rule for Courts-
Martial 1003(b)(2) provides that “a sentence to forfeiture shall state the
exact amount in whole dollars to be forfeited each month and the number of
months the forfeitures will last.” See also United States v. Rokey, 62
M.J. 516, 516 -517 (Army Ct. Crim. App. 2005). In this case, the military
judge announced a sentence that omits both the “exact” amount of pay “in
whole dollars” to be forfeited and the words “per month” after the
forfeiture amount. Additionally, the military judge sentenced appellant to
forfeit a portion of both his pay and allowances. The staff judge advocate
recommended that the convening authority approve the sentence as adjudged,
which the convening authority did.

 The military judge erred in announcing the sentence. Omitting the
words “per month” when announcing a sentence related to forfeitures is a
“legal sentence of forfeiture of the sum stated for one month only.”
United States v. Guerrero, 25 M.J. 829, 831 (A.C.M.R. 1988) (citations
omitted), aff'd and modified on other grounds, 28 M.J. 223 (C.M.A. 1989);
see also United States v. Gebhart, 32 M.J. 634, 635 (A.C.M.R. 1991). As
stated, the special court-martial also lacked authorization to forfeit
allowances and therefore we set aside that portion of the adjudged sentence
in toto. In the interest of judicial economy, we will correct the sentence
in our decretal paragraph.

 We have reviewed the matters personally raised by appellant pursuant
to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and conclude they
are without merit. We affirm the findings of guilty. The court affirms,
however, only so much of the sentence as provides for a bad-conduct
discharge, confinement for six months, forfeiture of $933.00 pay for one
month, and reduction to Private E1. All rights, privileges, and property,
of which appellant has been deprived by virtue of that portion of his
sentence set aside by this decision, are hereby ordered restored. See UCMJ
art. 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court