UNITED STATES

v.

Airman First Class Sonya R. VAUGHAN,
United States Air Force.

ACM 34107.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 16 Dec. 1999.

Decided 28 Dec. 2001.

Appellate Counsel for Appellant: Colonel James R. Wise, Lieutenant Colonel Timothy W. Murphy, and Captain Patience E. Schermer.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Lance B. Sigmon, and Major Cheryl D. Lewis.

Before YOUNG, BURD, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

PECINOVSKY, Judge:

The appellant pled guilty to two specifications of assaulting her infant child, by striking her in the face and stomach and burning the back of her legs with a hair dryer, in violation of Article 128, UCMJ, 10 U.S.C. § 928. The appellant pled not guilty to fracturing her child's leg by pulling, jerking, or wrenching it. Article 128, UCMJ. She pled guilty, pursuant to a conditional plea, to child neglect by leaving her infant child without supervision or care for an unreasonable period. Article 134, UCMJ, 10 U.S.C. § 934. The appellant was found guilty of all charges and specifications. She was sentenced to a bad-conduct discharge, 30 months' confinement, and reduction to E–1. The convening authority approved the findings and sentence as adjudged. The conditional plea preserved the assigned error of whether child neglect is an offense under military law. We hold that child neglect is an offense under Article 134, and we affirm.

### Child Neglect under Article 134

The appellant alleges that the military judge erred in denying a defense motion to

dismiss Charge II and its specification, alleging child neglect under Article 134, UCMJ, for failure to state an offense. In essence, the appellant asserts child neglect is not a crime under the UCMJ. The issue specifically before this Court is whether the appellant was on notice that the allegations of child neglect, as set forth in the specification, constituted a crime.

The original Charge II and its specification stated:

In that AIRMAN FIRST CLASS SONYA R. VAUGHAN, United States Air Force, did, at or near Pickliessum, Germany, on divers occasions between on or about 16 Nov 98 and on or about 3 Feb 99, neglect her daughter, [SRK] a child under the age of one year, by leaving the said [SRK] in their house without supervision or care for unreasonable periods of time without regard for the mental or physical health, safety, or welfare of the said [SRK], such conduct being of a nature to bring discredit upon the armed forces.

After hearing evidence and argument, the military judge held that the Charge and Specification did state an offense. However, she found that the shorter periods of child neglect of 35 to 45 minutes "factually don't rise up to sufficient cause to support any kind of criminal action," and modified the specification to include only the longer overnight period of child neglect on 2 and 3 January 1999.

The appellant made a timely motion to dismiss. She couched the motion as failing to state an offense, although the basis was that child neglect is not an offense under military law. The military judge denied the motion to dismiss, but modified the specification as follows:

In that AIRMAN FIRST CLASS SONYA R. VAUGHAN, United States Air Force, did, at or near Pickliessum, Germany, **between on or about 2 January 1999 and on or about 3 January 1999**, neglect her daughter, [SRK] a child under the age of one year, by leaving the said [SRK] in their house without supervision or care for **an unreasonable period** of time without regard for the mental or physical health, safety, or welfare of the said [SRK], such

conduct being of a nature to bring discredit upon the armed forces.

(Emphasis added).

During the providency inquiry, the military judge explained the elements of the child neglect offense:

The first element of this specification is that between on or about 2 January 1999 and on or about 3 January 1999, at or near Pickliessum, Germany, you neglected your daughter, [SRK].

The second element is that you did so by leaving [SRK] in your house without supervision or care for an unreasonable period of time, without regard for the mental or physical health, safety, or welfare of [SRK].

The third element is that [SRK] is a child under the age of one year.

And the fourth element is that under the circumstances, your conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The appellant admitted that the elements accurately described what she did. The appellant explained that on 2 January 1999, she left her one-year-old infant unsupervised, alone in the house at 2300, and left for a club. The infant's father was supposed to come over to watch the child at 2230. The appellant stated the she was under the belief that he would show up, but after waiting for about 20 minutes, she left for the club because she "just didn't care." She didn't try to call him and didn't try to call any of the babysitters she had used in the past. The appellant admitted that the baby's father had a history of not showing up. After leaving her infant alone at 2300, she did not return until 0500 the next morning. Although no physical harm came to the child during this unsupervised period, appellant acknowledged that her failure to be there and to supervise and care for her infant during this period of time was unreasonable. The appellant acknowledged that any number of things, including vomiting and choking, could have happened to her infant during this period of time. She agreed that her conduct in leaving her infant alone for five or six hours was criminally or

culpably negligent. She acknowledged that her acts constituted either a gross, reckless, wanton, or deliberate disregard for the foreseeable results to others or that something could have happened to the infant. The appellant admitted that her conduct was more than just merely failure to use due care and was of a nature to bring discredit upon the armed forces.

Here, the specification stated the essential elements of the offense. The issue, however, is whether the appellant had adequate notice that child neglect constituted a criminal offense. Appellant was charged under Article 134, UCMJ, with conduct "of a nature to bring discredit upon the armed forces." Article 134 has survived constitutional scrutiny. *Parker v. Levy,* 417 U.S. 733, 757, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). In *Parker,* the Supreme Court held that the appellant had "fair notice from the language of [Articles 133 and 134] that the particular conduct which he engaged in was punishable." *Id.* at 755, 94 S.Ct. 2547. The standard set forth in Parker is that:

> [C]riminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954). In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged. *Robinson v. United States,* 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944 (1945).

*Id.* at 757, 94 S.Ct. 2547.

Subsequent to *Parker,* our superior court applied this standard of notice to a variety of factual scenarios. *See, e.g., United States v. Johanns,* 20 M.J. 155, 161 (C.M.A.1985) (dismissing fraternization specifications for lack of notice); *United States v. Guerrero,* 33 M.J. 295 (C.M.A.1991) (upholding a cross-dressing specification emphasizing that the facts surrounding the specific conduct determine the criminality of the offense and the required notice of criminality).

■ The facts and circumstances surrounding an offense govern a determination as to whether an offense is criminal under Article 134. *Id.* In determining whether child neglect under Article 134 is a crime, appellant's focus in the conditional plea and the assigned error is in the fact that there was no actual physical harm to the infant resulting from the period of neglect.

The (then) Army Court of Military Review has held "no harm, no foul," stating that simple child neglect not resulting in harm to the child does not state an offense. *United States v. Wallace,* 33 M.J. 561, 564 (A.C.M.R. 1991) (child neglect is not an offense under Article 134). *See also United States v. Martinez,* 48 M.J. 689, 690 (Army Ct.Crim.App. 1998); *United States v. Valdez,* 35 M.J. 555, 564 (A.C.M.R.1992).

Prior to *Wallace,* this Court addressed the issue in an unpublished opinion in *United States v. Foreman,* ACM 28008 (A.F.C.M.R. May 25, 1990). This Court concluded that "the offense is viable under Clause 2 of Article 134." However, the Court held that the evidence of child neglect in that case (use of cocaine prior to birth, failure to bathe and change diapers often enough, and failure to clean her quarters) was factually insufficient to sustain the child neglect specification. *Foreman,* slip op. at 2.

■ We adhere to our position in *Foreman* that the offense of child neglect "is viable under Clause 2 of Article 134" even when no harm befalls the child. Here, the charged offense was that an infant child was neglected by her parent without supervision or care for an unreasonable period of time without regard for the mental or physical health, safety, or welfare of the child. The military judge voiced similar concerns to those raised in *Wallace,* and modified the specification to omit the shorter periods of neglect as not providing sufficient notice to the appellant of criminal liability. The military judge modified the specification to include only the longer overnight period of child neglect on 2 and 3 January 1999. While the military judge lacked the authority to modify the specifications, she in essence granted, in part, the defense motion to dismiss the charge and specification.

The appellant was on notice from the facts and circumstances of the offense that her act of child neglect, endangering the health of

*her* infant, was criminal. It is beyond cavil that a parent leaving an infant child unsupervised overnight for six hours constitutes service-discrediting conduct. Such child neglect is culpable and, therefore, criminal because the act or inaction creates an unreasonable risk of harm to the child. An offense based on negligence does not require that actual harm result from the negligence: The offenses of negligent dereliction of duty (Article 92(3), UCMJ, 10 U.S.C. § 892(3)) and negligent discharge of a firearm (Article 134) are crimes not requiring actual harm. They are criminal offenses because the conduct creates an unreasonable risk of harm.

Here, the military judge's definition of culpable or criminal negligence paralleled the definition in Article 119, UCMJ, 10 U.S.C. § 919, for involuntary manslaughter. During the providence inquiry, the military judge defined culpable negligence as "a negligent act or failure to act, accompanied by a gross, reckless, wanton, or deliberate disregard for foreseeable consequences of your conduct, result to others, instead of merely a failure to use due care."

The appellant was also on notice that child neglect was an offense because it is generally recognized as such by other jurisdictions. Numerous states have specifically criminalized child neglect placing appellant on notice that such child neglect is criminal. *See, e.g.,* Cal. Penal. Code § 273a(b) (West 1999) (placing a child in a situation where his or her person or health may be endangered); Fla. Stat. Ann. § 827.03(a) (West 1999) (failing to provide child with care necessary to maintain child's physical and mental health); Ind.Code Ann. § 35-46-1-4 (placing child in situation that may endanger life or health); Me.Rev.Stat. Ann. tit. 17-A § 554 (West 2000) (recklessly endangering welfare of a child); Minn.Stat. § 609.378 (1998) (willfully depriving child of supervision appropriate to the child's age); Miss.Code Ann. § 43-21-105 (1998) (neglecting to provide for care necessary for the child's well-being); Mo. Rev.Stat. § 568.050 (1999) (creating a substantial risk to life or health of a child); Nev.Rev.Stat. § 200.508 (1997) (placing a child in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect); N.Y. Penal Law § 260.10 (McKinney 2000) (knowingly acting in a manner likely to be injurious to the physical, mental, or moral welfare of a child); N.C. Gen.Stat. § 14-316.1 (1999); N.D. Cent.Code § 12-09-22 (failure to provide for child's mental, emotional health, or morals); Or.Rev.Stat. § 163.545 (1999) (leaving child unattended for such a period of time as may be likely to endanger the health or welfare of such child); S.C.Code Ann. § 20-7-5 (Law.Co-op.1998) (placing child at unreasonable risk of harm affecting child's life, physical or mental health, or safety); Tenn.Code Ann. § 39-15-401 (1998) (knowingly neglecting child so as to adversely affect the child's health and welfare); W.Va. Code § 61-8D-4 (1999) (creating a substantial risk of serious bodily injury or of death.).

We hold that the appellant's conduct constituted a criminal offense. The appellant was on notice of the criminality of the conduct, because 1) a reasonable person would know that leaving an infant unattended for 6 hours would constitute a negligent act with an unreasonable risk of harm to the child, and 2) such conduct is service-discrediting. The appellant's plea was provident, admitting to the essential elements of the offense.

The findings are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Accordingly, the findings and sentence are

AFFIRMED.

YOUNG, Chief Judge (concurring):

At trial and on appeal, the appellant asserted that the specification alleging child neglect failed to state an offense. The focus of a motion to dismiss for failure to state an offense is the specification itself. *See United States v. Commander,* 39 M.J. 972, 980 (A.F.C.M.R.1994). In this case, the appellant is not actually contesting the validity of the specification. Instead, she is asserting that child neglect is not an offense under the UCMJ.

I concur with my colleagues that child neglect is an offense under Article 134, UCMJ, and injury to the child is not a necessary element. I also concur in their finding

that the appellant's guilty plea to child neglect is provident. I write separately to suggest that the specification used to allege child neglect in this case is too fact specific to provide guidance for charging future cases.

There are several reasonable approaches to charging child neglect. Certainly, if the offense were listed under Article 134 in the *Manual for Courts–Martial (MCM)*, an abbreviated specification, such as follows, would be appropriate.

> In that (Rank and Name of accused), United States Air Force, did, on or about (date), wrongfully neglect (Name of Child), a child under the age of 16 years, by (state act or failure to act that is basis for charge).

Unless and until child neglect is detailed in the *MCM,* in my opinion, a specification alleging child neglect should read as follows:

> In that (Rank and Name of accused), United States Air Force, did, on or about (date), wrongfully neglect, through culpable negligence, (Name of Child), a child under the age of 16 years, by (state act or failure to act that is basis for charge), which posed an unreasonable risk of harm to the child's mental or physical health, welfare, or safety.

The military judge should provide the following instructions in cases alleging child neglect under Article 134:

> (1) That the accused did or failed to do a certain act or acts to a child under the age of 16 years;
>
> (2) That the act or failure to act amounted to culpable negligence;
>
> (3) That the act or failure to act posed an unreasonable risk of harm to the child's mental or physical health, safety, or welfare; and,
>
> (4) That, under the circumstances, the accused's conduct was of a nature to bring discredit upon the armed forces.

Simple negligence is the absence of due care. It is an act or failure to act by a person who is under a duty to use due care which demonstrates a lack of that degree of care for the safety of others which a reasonably careful person would have exercised under the same or similar circumstances. The offense of child neglect requires, as an essential element, that the accused was culpably negligent. Culpable negligence is a degree of carelessness greater than simple negligence. It is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of that act or omission. It is a gross, reckless, deliberate, or wanton disregard for the safety of others. Thus, to convict the accused of child neglect, the accused must have acted or failed to act in a manner that, when viewed in the light of human experience, foreseeably resulted in an unreasonable risk of harm to the child's mental or physical health, safety, or welfare. There is no requirement that the child suffer actual harm or injury. It is the unreasonable risk of harm that makes child neglect an offense.

In determining whether the accused's act or failure to act created an unreasonable risk of harm to the child's health, safety, or welfare, you should consider the following:

(1) The magnitude of the risk of harm to the child against the social utility of the accused's conduct. For example, leaving a child alone in a car on a hot day to go into a bar to socialize for an hour may be unreasonable, whereas leaving a child for the same length of time under the same circumstances to render assistance at the scene of an accident may not be unreasonable.

(2) The extent of the accused's knowledge of the facts bearing in the risk. For example, leaving the child with a caregiver may not be unreasonable, whereas leaving the child with a caregiver the accused knew, or reasonably should have known, had been convicted of child abuse may be unreasonable.

In determining whether the accused was culpably negligent, whether the act posed an unacceptable risk to a child, and whether the accused's conduct was of a nature to bring discredit upon the armed forces, you must consider the child's age, experience, and physical and mental abilities. Thus, what may amount to child neglect of an

infant may not be child neglect of a 15–year old or even a 7–year old.

Service discrediting conduct is conduct that tends to harm the reputation of the service or lower it in public esteem.